CLD-031                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2174
_____

JOAQUIN IRWIN FOY,
Appellant

v.

THE SUPER-RICH MEMBERS OF THE ILLUMINATI, (Bilderberg Group);
B.R. JETT, Hon. Warden, et al.;
POPE; OBAMA; BIDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. 1-15-cv-01869)
District Court Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2015
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: November 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Joaquin Foy, a federal inmate at the Federal Medical Center in Rochester, Minnesota, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. The District Court summarily dismissed his petition. Although Foy did not identify the conviction or commitment he was attempting to challenge, the District Court found that Foy suffered convictions in the United States District Courts for the Eastern District of Pennsylvania and the Western District of Missouri, but that he had not been convicted or sentenced in the District of New Jersey. The District Court evidently treated Foy's petition as a 28 U.S.C. § 2255 motion and dismissed it because Foy did not seek to challenge a judgment from a United States District Court in the District of New Jersey. Foy appeals. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court correctly dismissed Foy's petition. The proper venue for a § 2241 petition lies in the prisoner's district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). For Foy, that district is the District of Minnesota. Because Foy filed his § 2241 petition in the District of New Jersey, the District Court lacked jurisdiction. See id.

We note that the District Court did not expressly address the possibility of transferring Foy's habeas petition to the District of Minnesota or construing it as a § 2255

2

motion and transferring it to one of the courts that had convicted him.  Such a transfer would be appropriate if it were "in the interest of justice."  28 U.S.C. § 1631.  A review of the record—including Foy's instant habeas petition, his pro se brief, and the other habeas petitions he filed in the Eastern District of Pennsylvania—reveals that the interests of justice would not be served by transferring Foy's § 2241 petition.

Accordingly, we will summarily affirm the judgment of the District Court.